IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NORMAN TIMOTHY GREGORY,

    Plaintiff,                    No. CIV S-04-0764 FCD DAD P

    vs.

D. RAMIREZ, et al.,

    Defendants.          <u>ORDER</u>

_____/

        Pursuant to the scheduling order filed on July 5, 2005, this matter is set for jury trial before the Honorable Frank C. Damrell, Jr., on August 15, 2006.  A pretrial order will be issued in the near future.  By this order, a trial confirmation hearing will be set, the trial date will be re-set, and various motions and other matters will be addressed.

PLAINTIFF'S ADDRESS OF RECORD

        In reviewing the file, the court finds that documents filed by plaintiff on and after May 1, 2006, show an address different from plaintiff's address of record.  When plaintiff filed this action, he was confined at Folsom State Prison.  On August 17, 2005, plaintiff filed and served a proper notice of change of address to Pleasant Valley State Prison.  Plaintiff has not filed any further notice of change of address, and his address of record remains Pleasant Valley State Prison.  Orders were served on plaintiff at his address of record on January 23, 2006; April

24, 2006; May 24, 2006; and June 5, 2006, and were not returned to the court undelivered. Plaintiff is reminded that each party is required to keep the court apprised of his current address at all times while this action is pending and that any change of address must be reported in a separate document titled "Notice of Change of Address." (Order filed June 22, 2004, at 5.) "Failure to inform the court of a change of address may result in the imposition of sanctions including dismissal of the action." (Id.) See also Local Rule 83-182(f). Plaintiff will be required to file and serve a notice of change of address reflecting the date on which he was transferred from Pleasant Valley State Prison to High Desert State Prison.

PLAINTIFF'S PENDING MOTIONS

By order filed April 24, 2006, the court continued the due date for plaintiff's pretrial statement to May 12, 2006, continued the due date for defendants' pretrial statement to May 26, 2006, and re-set pretrial conference for June 2, 2006. On May 1, 2006, the court received plaintiff's pretrial statement and plaintiff's motion for an order compelling attendance of incarcerated witnesses at trial. Defendants filed a timely pretrial statement on May 22, 2006. Plaintiff subsequently filed five motions concerning the parties' pretrial statements.

I. Plaintiff's Motion for Order Compelling Attendance of Witnesses

An incarcerated witness who agrees voluntarily to attend trial to give testimony cannot come to court unless the court orders the warden or other custodian to permit the witness to be transported to court. The court will not issue such an order unless it is satisfied that each prospective witness is willing to attend trial and has actual knowledge of relevant facts.

Plaintiff seeks an order compelling the attendance of ten incarcerated witnesses at trial. Plaintiff offers his own declaration as well as the declarations of five of his prospective witnesses. Plaintiff also relies on statements previously filed as attachments to his complaint. Plaintiff's own declaration demonstrates the willingness of all ten witnesses to attend trial. However, plaintiff's declaration is not sufficiently specific about the relevant facts known to each witness. The declarations of inmates Thomas Phillip, Joseph Bivins, James Moore, Timothy

James, and Avery Baxter provide such specificity.  In addition, the statement of inmate Frank Wade attached to plaintiff's complaint provides sufficient specificity.

The court is satisfied that each of the following prospective witnesses is willing to attend trial and has actual knowledge of relevant facts:  Thomas Brent Phillip (E-51261), Joseph Bivins (B-63111), James Moore (P-24569), Timothy James (T-16692), Avery L. Baxter (T-33705), and Frank Wade (T-91881).  Plaintiff's motion will be granted as to these six witnesses, and orders and writs of habeas corpus ad testificandum will be issued at the appropriate time.

II. Plaintiff's Motions Concerning Pretrial Statements

On May 30, 2006, plaintiff filed a motion for leave to file a late amendment to his pretrial statement, together with a motion to amend his witness list.  Plaintiff demonstrates that his motion to amend his witness list, dated May 9, 2006, was originally delivered to prison officials for mailing on May 10, 2006, but was returned for insufficient postage.  The court will grant plaintiff's motion for leave to file the late amendment, and plaintiff's motion for leave to amend his witness list will be granted.

On June 1, 2006, plaintiff filed a motion to correct an erroneous citation in the points of law set forth in his pretrial statement.  Plaintiff's motion will be granted, and the citation will be deemed a citation to the Eighth rather than the Fourteenth Amendment.

On June 12, 2006, plaintiff filed a motion for monetary sanctions and a motion objecting to any further extension of time for defendants.  Plaintiff's motion is dated May 20, 2006, and appears to relate to a motion for extension of time to file a pretrial statement that was filed by defendants on May 12, 2006, and withdrawn on May 17, 2006.  Defendants filed a timely pretrial statement four days prior to their May 26, 2006 deadline.  Plaintiff's motion objecting to a further extension of time is moot, and plaintiff has not demonstrated a basis for sanctions.  Both of these motions will be denied.

/////

/////

SETTLEMENT CONFERENCE

In plaintiff's pretrial statement, he states that he believes settlement negotiations between the parties would be helpful. In defendants' pretrial statement, counsel states that there have been no settlement negotiations to date, that defendants do not yet have authority to settle this matter, and that defendants are in the process of ascertaining whether settlement is feasible. Counsel suggests that the court set a court-supervised settlement conference.

Plaintiff is informed that the parties are free to negotiate with each other without court permission or supervision. Plaintiff may commence such negotiations by corresponding with defendants' counsel concerning acceptable resolutions of this case. After the parties confer with each other, either party may notify the court in writing that all parties believe a court-supervised settlement conference is warranted.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff shall file and serve a notice of change of address within ten days after this order is served;

2. The Clerk of the Court is directed to serve this order on plaintiff at Pleasant Valley State Prison, which is plaintiff's address of record, and at High Desert State Prison, P.O. Box 3030, Susanville, CA 96127;

3. Plaintiff's May 1, 2006 motion for order compelling attendance of witnesses (#43) is granted with regard to inmates Thomas Brent Phillip (E-51261), Joseph Bivins (B-63111), James Moore (P-24569), Timothy James (T-16692), Avery L. Baxter (T-33705), and Frank Wade (T-91881);

4. Plaintiff's May 30, 2006 motions for leave to file a late amendment to his pretrial statement (#51) and to extend his witness list (attachment to #50) are granted;

5. Plaintiff's June 1, 2006 motion to correct his pretrial statement (#52) is granted, and plaintiff's citation to the Fourteenth Amendment on page 7, line 3 of his pretrial statement is deemed a citation to the Eighth Amendment;

4

6. Plaintiff's June 12, 2006 motion for monetary sanctions (#54) is denied;

7. Plaintiff's June 12, 2006 motion to deny any further extension of time (#55) is denied;

8. A trial confirmation hearing before the Honorable Frank C. Damrell, Jr., is set for March 2, 2007, at 1:30 p.m. in Courtroom #2; and

9. Jury trial before the Honorable Frank C. Damrell, Jr., is continued from August 15, 2006, to April 10, 2007, at 9:00 a.m. in Courtroom #2.

DATED: July 27, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
greg0764.schedmod2

5